IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 3:06-CR-034-D |
| VS. § | |
| § | |
| JOHN WENTZELL DOWNS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant John Wentzell Downs ("Downs") filed six pretrial motions on May 21, 2007 that the court addresses in this memorandum opinion and order: (1) motion for leave to file motions *in limine* immediately prior to trial; (2) motion for hearing on admissibility of evidence of other crimes, wrongs, or acts; (3) motion for pretrial disclosure of all evidence the government intends to offer pursuant to Rule 404(B) of the Federal Rules of Evidence; (4) motion to compel disclosure of exculpatory evidence; (5) motion to produce statements of witnesses (18 U.S.C. § 3500); and (6) motion for discovery and production pursuant to Rule 16.  The government filed a consolidated response on June 1, 2007.

I

*Motion for Leave to File*
*Motions* in Limine *Immediately Prior to Trial*

Downs moves the court for leave to file motions *in limine* immediately prior to trial. Although the government does not oppose this motion, the court denies it in part.  Motions *in limine* must be filed no later than the June 7, 2007 deadline for filings witness and exhibit lists.

II

*Motion for Hearing*
*On Admissibility of Evidence*
*Of Other Crimes, Wrongs, or Acts*;
*Motion for Pretrial Disclosure of*
*All Evidence the Government Intends to Offer*
*Pursuant to Rule 404(b)*

Downs moves for a hearing on admissibility of evidence of other crimes, wrongs, or acts. He also moves for pretrial disclosure of all Fed. R. Evid. 404(b) evidence that the government intends to offer. The government states that it does not anticipate offering Rule 404(b) evidence, and that proof regarding improper drilling of a ferule on a propeller hub does not come within the scope of Rule 404(b). But it does not oppose these requests, it agrees to give Downs notice of any Rule 404(b) evidence, and it agrees to present the evidence outside the jury's presence so that the court can determine whether a hearing is necessary. Accordingly, the court grants Downs's motions for pretrial disclosures and for a hearing before the government offers Rule 404(b) evidence at trial. Any notice required by Rule 404(b) must be given to Downs no later than one hour before the June 8, 2007 pretrial conference so that Downs can raise issues concerning such evidence at the pretrial conference, if necessary.

III

*Motion to Compel Disclosure of Exculpatory Evidence*

Downs moves the court to compel the government to disclose exculpatory evidence, listing ten categories of materials that he contends are exculpatory. He also requests that the government's attorney be ordered to examine his files, to question government agents, informants, and others working with the government on the case concerning their knowledge of such evidence or materials, and file with the court the documentary responses of such persons. The government responds at a

general level that it will comply fully with its obligations under Fed. R. Crim. P. 12(d)(2) and 26.2, 18 U.S.C. §§ 3500, 2510, and 2518(9), *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and all court orders. It specifically states in response to Downs's motion to compel disclosure of exculpatory evidence that it will comply with these obligations. But it opposes the motion to the extent it exceeds what it is obligated to produce.

The court expects the government to comply, as it has acknowledged it will, with its obligations under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, *Brady*, and *Giglio*. To that extent, Downs's motion is denied as moot. Otherwise, the request is denied as exceeding what these authorities require.

IV

*Motion to Produce Statements
of Witnesses (18 U.S.C. § 3500)*

Downs moves the court to compel the government to produce witness statements, as defined by 18 U.S.C. § 3500(e). He also requests that the government be ordered to produce all handwritten notes, records, or memoranda of all law enforcement agents involved in the investigation.

The government responds that all of Downs's written statements have already been made available to him. It states that it will comply fully with 18 U.S.C. § 3500 and make available to Downs all statements covered by the statute, including transcripts of grand jury testimony. The government also asserts that it has produced to Downs all memoranda of interviews, and that all agents have been instructed to preserve any agent notes of interviews, but it opposes producing agent notes as exceeding Rule 16.

Because the government has agreed to comply with 18 U.S.C. § 3500, the court denies this component of Downs's motion as moot. In accordance with the custom followed in the Northern District of Texas, the government must produce Jencks Act material on the business day preceding the day on which Downs will begin his cross-examination of the government witness in question.

To the extent Downs seeks greater relief, his motion is denied. In particular, the court denies his requests that the government be ordered to produce handwritten notes, records, or memoranda made by law enforcement agents of interviews (other than those the government has agreed to produce). Except to the extent the government must produce them under the requirements of *Brady*, *Giglio*, Rule 26.2, or the Jencks Act, there is no requirement that the government produce such materials.

V

*Motion for Discovery and Production*
*Pursuant to Rule 16*

Downs move the court to compel the government to produce six categories of materials under Rule 16. Some categories are duplicative of requests made in other motions that the court has already addressed. The government responds that some requested materials have already been produced, will be produced, or do not exist. Concerning requests already covered by other motions, it makes the same responses as it does regarding these motions.

The court adheres to its earlier rulings insofar as this motion requests relief that duplicates that which Downs seeks in one of his other motions. To the extent the government has already produced or has agreed to produce materials, the court denies the motion as moot. If the government later learns that materials that it states do not exist are in fact in existence and are subject to discovery under Rule 16, it will be expected to make prompt production of such materials to Downs.

To the extent Downs has made a request for relief (1) that falls within the scope of Rule 16, (2) that the court has not already denied in ruling on another of his motions, and (3) that the government has not already produced, stated that it will produce, or stated that the materials do not exist, the court grants Downs's motion.  The government must promptly produce any such materials.  Nothing in this ruling alleviates the government's obligations under *Brady* or *Giglio*.

**SO ORDERED**.

June 5, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE