IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:06-CR-034-D |
| VS. | § | |
| | § | |
| JOHN WENTZELL DOWNS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant John Wentzell Downs ("Downs") moves the court pursuant to 18 U.S.C. § 3143(b) for release pending appeal. For the reasons that follow, *see* Fed. R. App. P. 9(a)(1) and (b),[1] the court denies the motion.

Section 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2] A substantial question of law or fact is one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the

---

[1] Under Rule 9(b), the court must comply with the requirements of Rule 9(a). Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2] The other elements of § 3143(b) are not pertinent. Downs does not pose a danger to the community, is not prosecuting this appeal for purposes of delay, and does not present a risk of flight.

expected duration of the appeal process. *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

To obtain release pending appeal, Downs argues, in relevant part, that he will raise one point of error on appeal: that the evidence was insufficient to support proof of the essential element of "affect on interstate commerce." In a July 25, 2007 order, the court denied Downs's motions for judgment of acquittal and for new trial, concluding that "[v]iewed favorably to the government, the evidence supports the verdict, including the essential element of 18 U.S.C. § 38(a)(1)(C) that defendant's conduct was in or affected interstate commerce." Order at 2. The court adheres to this conclusion in the context of Downs's present motion for release pending appeal, and it also holds that Downs has not demonstrated a substantial question of law or fact under the standard explained in *Valera-Elizondo*.

\* \* \*

Downs's November 2, 2007 motion for release pending appeal is denied.

**SO ORDERED**.

November 8, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE